■ In the Matter of FRED MENGONI, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Appellants. [719 NYS2d 560] —Order, Supreme Court, New York County (Charles Ramos, J.), entered February 17, 1999, which granted the landlord's petition to vacate respondentDH-CR's 1992 determination which, upon a finding of willful rent overcharge, had ordered a treble-damage refund to tenant

York, unanimously reversed, on the law and the facts, without costs, the petition denied, the proceeding dismissed, and said respondent's determination reinstated and confirmed.

This litigation was commenced in 1984 when the tenant filed with DHCR's predecessor agency a residential rent overcharge complaint pertaining to his Manhattan apartment. In response, the landlord submitted photocopies of five leases as a "rent history" in support of his claims that the rent was legal, and in 1986 the local Rent Administrator so found. In 1989, upon the tenant's petition for administrative review (PAR), the Deputy Commissioner directed an evidentiary hearing based on the tenant's challenge to the authenticity of the leases proffered by the landlord.

At the evidentiary hearings held in May, June and August, 1990, the Administrative Law Judge (ALJ) found, largely on the testimony of the tenant's three witnesses who established themselves (by appropriate documentary evidence) as the genuine tenants of the apartment during the relevant period, that the "leases" submitted by landlord were either sham fabrications or pertained to the letting of irrelevant office space elsewhere. The ALJ concluded that the false and fraudulent proof offered by the landlord was evidence of willfulness in overcharging rent, and the tenant fully prevailed.

Unfortunately, prior to the hearings, the tenant, acting *pro se* throughout, had updated his investigations by submitting some ex parte letters to the agency, one of them asserting that "Never has a case been more obvious, and never has a landlord been so brazen in his abuse of his tenants, his responsibilities, and the laws of the State of New York." The record reveals that the ALJ forwarded most, if not all, of these materials to the landlord's counsel, and immediately after the first hearing offered counsel a full opportunity to inspect the entire file. Counsel ignored this invitation until the day after the last hearing.

The IAS Court concluded, after oral arguments in this CPLR article 78 proceeding, that the tenant's ex parte communications had so tainted the 1990 hearings as to require a total vacatur of the agency order and a trial de novo before a different ALJ. We disagree. After careful review of the record, we find that the ALJ's detailed determination, fully reviewed in the agency's PAR appeal process, was compelled by the conclusive proof of the landlord's egregious conduct, and was wholly unaffected by the ex parte submissions. We note that even on this appeal, the landlord never explains how he was actually prejudiced by any specifically identified submission.

What is evident to us is that the burden of relocating and producing witnesses, after such a long delay that was not of his making, would inflict extreme prejudice on the tenant.

Finally, there is no merit to the landlord's argument that the Rent Regulation Reform Act of 1997 or the four-year Statute of Limitations applies to rent overcharge proceedings filed with the former NYC Conciliation and Appeals Board prior to April 1, 1984. We have expressly and consistently held to the contrary (*see, e.g., Matter of Peppie Realty Corp. v Division of Hous. & Community Renewal*, 265 AD2d 173; *Matter of Serencha Realty Corp. v New York State Div. of Hous. & Community Renewal*, 260 AD2d 244). We reject the landlord's argument that such decisions should be overruled. Concur—Tom, J. P., Andrias, Wallach and Saxe, JJ.